1  **DEBEVOISE & PLIMPTON LLP**
   Josh A. Cohen (SBN: 217853)
2  650 California Street
   San Francisco, CA 94108
3  Telephone: (415) 738-5700
   Fax: (415) 644-5628
4  Email: jacohen@debevoise.com

5  Attorneys for Defendants
   BROOKFIELD ASSET MANAGEMENT LLC,
6  BROOKFIELD ASSET MANAGEMENT LTD.,
   BROOKFIELD CORPORATION

7
                    **UNITED STATES DISTRICT COURT**
8              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
9

| | |
|---|---|
| JOSH RAFFAELLI, a California citizen, | |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | **CASE NO.: 3:25-cv-04800** |
| BROOKFIELD ASSET MANAGEMENT LLC, a Delaware limited liability corporation; BROOKFIELD ASSET MANAGEMENT LTD., a Canadian corporation; BROOKFIELD CORPORATION, a Canadian corporation; and DOES 1 through 100, | |
| Defendants. | |

1

Defendants' Notice of Removal
Case No. 3:25-cv-04800

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Please take notice that Defendants Brookfield Asset Management LLC, Brookfield Asset Management Ltd., and Brookfield Corporation (together, "Defendants" or "Brookfield"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Brookfield in the action to date are attached hereto as Exhibit A.

As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Brookfield states as follows:

**I.    INTRODUCTION**

1. Plaintiff Josh Raffaelli ("Plaintiff") filed this lawsuit, alleging that Defendants wrongfully terminated his employment in response to him filing a purported "whistleblower" complaint with the United States Securities and Exchange Commission ("SEC") (*see, e.g.*, Ex. A, Compl. ¶ 1), despite knowing that the decision to terminate his employment was made ***before*** Defendants learned that Plaintiff had filed a complaint with the SEC. Plaintiff's May 8, 2025 complaint ("Complaint") is riddled with false statements and baseless accusations, which Defendants will address in due course.

2. Plaintiff asserts eleven claims under California law: (1) Wrongful Termination in Violation of California Public Policy, (2) Wrongful Termination in Violation of California Labor Code § 1102.5, (3) Aiding and Abetting Wrongful Termination, (4) Defamation, (5) Unfair Business Practices, (6) Breach of Contract, (7) Breach of Implied Covenant of Good Faith and Fair Dealing, (8) Intentional Interference with Contractual Relations, (9) Intentional Interference with Prospective Economic Advantage, (10) Unjust Enrichment, and (11) Quantum Meruit.

3.      Brookfield removes this action to this Court pursuant to 28 U.S.C. § 1446.[1] As explained below, this Court has subject matter jurisdiction over all claims due to the diversity of the named parties and pursuant to 28 U.S.C. § 1332(a).

## II.     REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

4.      This action is properly removed to this Court by Defendants because it is a civil action filed in a state court of which the district court has original jurisdiction.  (28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").)

5.      This action falls within the original jurisdiction of this Court under the diversity jurisdiction doctrine.  A federal district court has original jurisdiction over a civil action where (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  (28 U.S.C. § 1332(a)(1) & (2).)  This action meets both of those requirements because the matter in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendants are of diverse citizenship.

6.      ***Matter in Controversy***.  Plaintiff alleges that "the damages suffered exceed the jurisdictional minimum" of the California Superior Court (Ex. A, Compl. at ¶ 34), which is $12,500 (Cal. Code Civ. P. § 116.221).  Plaintiff further alleges that "[h]ad he not been wrongfully terminated, Raffaelli stood to be paid a minimum of at least $46 million." (Ex. A, Compl. at ¶ 5.)  Accordingly, "the matter in controversy exceeds the sum or value of $75,000." (28 U.S.C. § 1332(a).)

7.      ***Diversity of Citizenship***.  Diversity of citizenship exists between the named parties, as required by 28 U.S.C. § 1332(a).

---

[1]     Brookfield's election to remove this case to federal court does not waive any personal jurisdiction defense.  *See Maplebrook Townhomes LLC v. Greenbank,* No. 10-CV-03688-LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010).

8. Plaintiff alleges that he is a citizen of California. (*See* Ex. A, Compl. at ¶ 25 ("Raffaelli is an individual, residing in San Mateo County in the State of California.").) A natural person's citizenship is determined by his or her domicile, which is his or her "permanent home, where [he or] she resides with the intention to remain or to which [he or] she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). A person's residence is typically *prima facie* evidence of his or her domicile. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

9. Defendants Brookfield Asset Management LLC, Brookfield Asset Management Ltd., and Brookfield Corporation are not citizens of California. Limited liability corporations are "citizen[s] of every state in which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." (28 U.S.C. § 1332(c); *see also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).)

a. Brookfield Asset Management LLC is a citizen of Delaware and New York. The sole member of Brookfield Asset Management LLC is the corporation Brookfield US Inc. (*See* Ex. B, at 1 (Brookfield Asset Management LLC, Declaration.) Brookfield US Inc. is incorporated exclusively in Delaware and its principal place of business is in New York. (*See id.*) Therefore, Brookfield Asset Management LLC is not a citizen of the same state as Plaintiff (California).

b. Brookfield Asset Management Ltd. is a citizen of Canada and New York. Brookfield Asset Management Ltd. is a Canadian corporation. (Ex. A, Compl. at ¶ 27.) It is incorporated exclusively in British Columbia, Canada and its principal place of business is in New York. (*See* Ex. C, at 1 (Brookfield Asset Management Ltd., *Form 10K 2024*).) Therefore, Brookfield Asset Management Ltd. is not a citizen of the same state as Plaintiff (California).

c.  Brookfield Corporation is a citizen of Canada. Brookfield Corporation is a Canadian corporation. (Ex. A, Compl. ¶ 26.) It is incorporated exclusively in Ontario, Canada and its principal place of business is in Ontario, Canada. (*See* Ex. D, at 1 (Brookfield Corporation, *Form 40-F 2024*).) Therefore, Brookfield Corporation is not a citizen of the same state as Plaintiff (California).

10.  "In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b)(1).) Therefore, the citizenship of Does 1-100 – which is unknown in any event – shall be disregarded for purposes of the removal analysis.

11.  In light of the above facts of citizenship, this controversy is clearly between "citizens of different States" and "citizens of a State and citizens or subjects of a foreign state." (28 U.S.C. § 1332(a)(1) & (2).)

### III.  THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

12.  Plaintiff filed his Complaint on May 8, 2025. Service was effectuated by email on May 9, 2025. (*See* Ex. A, *May 9, 2025 Email from M. Mermelstein*). This Notice of Removal is timely because it is filed within thirty days of Plaintiff's service of the Complaint. (*See* 28 U.S.C. § 1446(b).)

13.  No previous application has been made by Defendants for this or similar relief.

14.  Written notice of filing of this Notice of Removal will be given to Plaintiff, as required by 28 U.S.C. § 1446(d).

| | |
|---|---|
| Dated: June 6, 2025 | Respectfully submitted, |
| | DEBEVOISE & PLIMPTON LLP |
| | |
| | By: /s/ Josh A. Cohen |
| | JOSH A. COHEN |
| | 650 California Street |
| | San Francisco, CA 94108 |
| | Telephone: (415) 738-5700 |
| | Fax: (415) 644-5628 |
| | Email: jacohen@debevoise.com |
| | |
| | Attorneys for Defendants |
| | Brookfield Asset Management LLC, |
| | Brookfield Asset Management Ltd., |
| | Brookfield Corporation |