UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH RAFFAELLI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BROOKFIELD ASSET MANAGEMENT LLC, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04800-RFL<br><br>**ORDER REMANDING CASE**<br><br>Re: Dkt. Nos. 38, 39 |

　　　　Josh Raffaelli sued various Brookfield business entities in state court over what essentially amounts to an accusation of wrongful employment termination. Raffaelli alleges that this wrongful termination occurred shortly after he filed an SEC whistleblower complaint about Pinegrove, a Brookfield-related investment fund. After he filed an amended complaint, but before he served that amended pleading on Brookfield, Brookfield removed the case to this Court on the basis of diversity jurisdiction. The Court subsequently clarified that the original complaint, which does not name any non-diverse defendants, remains the operative complaint. (*See* Dkt. Nos. 30, 35.) Raffaelli now moves to: (1) amend the complaint to add new claims and allegations and name new defendants; and (2) remand the case in the event the amendment request is granted because joining some of the new defendants would destroy diversity. (*See* Dkt. Nos. 38, 39.) For the reasons set forth below, the motion to amend is **GRANTED,** and the case is **REMANDED**.[1]

　　　　*Legal Standard.* "If after removal the plaintiff seeks to join additional defendants whose

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Courts usually consider the following six factors in evaluating joinder under Section 1447(e):

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*See McKines v. Costco Wholesale Corp.*, No. 24-cv-05187-RFL, 2025 WL 1911539, at *1 (N.D. Cal. June 2, 2025) (citation omitted).  "While any of the factors may prove decisive, none is an absolutely necessary condition for joinder." *Roblin v. Costco Wholesale Corp.*, No. 23-cv-01828-RFL, 2024 WL 1131038, at *1 (N.D. Cal. Mar. 4, 2024) (citation and quotation marks omitted).  Ultimately, the decision whether to permit joinder under Section 1447(e) rests within a court's discretion.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).[2]

*Analysis.*  Brookfield does not contest that four of the proposed new defendants are citizens of California and thus would destroy diversity jurisdiction if added to the case: Brookfield Business Partners L.P. ("BBU"), Nicholas Sammut, and two Pinegrove entities.  Most of the Section 1447(e) factors weigh in favor of joining these defendants.

As for the first factor, "[a]mendment under § 1447(e) . . . is a less restrictive standard than joinder under [Rule] 19, and courts typically disallow joinder of non-diverse defendants where those defendants are only *tangentially related* to the cause of action or would not prevent complete relief." *Roblin*, 2024 WL 1131038, at *1 (citation and quotation marks omitted).  BBU appears to be only tangentially related to the case.  As reflected in the redline of the proposed amended complaint, there are no detailed factual allegations about its conduct, and most of the

---

[2] Brookfield does not contest whether Raffaelli satisfies the requirements of Federal Rule of Civil Procedure 15 in seeking to amend his pleading.  Accordingly, this Order addresses only joinder under Section 1447(e).

2

references to BBU simply tack its name onto existing paragraphs in the charging allegations. (*See* Dkt. No. 38-1.) Pinegrove and Sammut, however, are more closely connected to Raffaelli's claims. As for Pinegrove, it allegedly lied to investors about its financial position to encourage investment as part of a scheme to integrate the Brookfield funds on which Raffaeli worked into Pinegrove, which Raffaelli says affected his compensation and ongoing employment. Raffaelli also alleges that after he filed a whistleblower complaint with the SEC about Pinegrove's misrepresentations, Pinegrove induced Brookfield to terminate his employment. As for Sammut, he allegedly led two instances of Pinegrove usurping investment opportunities originally intended for Raffaelli's funds, which affected Raffaelli's compensation, and participated in Brookfield's attempts to convince the funds' investors that migrating to Pinegrove would be beneficial. Thus, Pinegrove and Sammut are more than tangentially related to Raffaelli's interference with contract and aiding and abetting breach of fiduciary duty claims. Accordingly, the first factor weighs in favor of permitting joinder.

As for the second factor, the parties agree that the relevant statutes of limitations would not prevent Raffaelli from bringing an original action against BBU, Sammut, or the Pinegrove entities in state court. "If a plaintiff could file an action against the joined defendant in state court, then there is less reason to permit joinder under § 1447(e)." *Soto v. Nissan N. Am., Inc.*, No. 25-cv-02975-KS, 2025 WL 2842034, at *6 (C.D. Cal. Sept. 29, 2025) (citations omitted). In other words, if a new action would not be precluded, there is less reason to allow the new defendants to be included in the existing action. Accordingly, the second factor weighs against permitting joinder.

As for the third factor, there was no unexplained delay in Raffaelli's joinder request. Raffaelli filed his original complaint in state court on May 8. Less than a month later, on June 4, he filed an amended complaint in which he named Sammut, a non-diverse individual, as a defendant for the first time. That amended filing was timely because Brookfield had not yet responded to the original complaint. *See* Cal. Civ. Proc. Code § 472(a). However, on June 6, before Raffaelli served the amended pleading on Brookfield, Brookfield removed the case based

3

on the original complaint. On July 15, the Court held that the original complaint governed but expressly noted that Raffaelli could file motions to amend or remand. (*See* Dkt. No. 35.) A week later, the parties stipulated to a briefing schedule for those motions, which the Court granted as modified, with the motions due by August 22. (*See* Dkt. Nos. 36-37.) Raffaelli ultimately filed those motions on time. Accordingly, the third factor weighs in favor of permitting joinder.

As for the fourth and fifth factors, they "are frequently considered together . . . . Even if defeating diversity is part of [a plaintiff's] motivation, both factors still weigh in favor of joinder . . . [if the claims asserted against the defendant to be joined] seem facially valid . . . ." *McKines*, 2025 WL 1911539, at *2 (citations and quotation marks omitted). In arguing against the facial validity of the claims asserted against BBU, Sammut, and the Pinegrove entities in Raffaelli's proposed amended complaint, Brookfield essentially invites the Court to conduct a detailed Rule 12(b)(6) analysis. (*See* Dkt. No. 44 at 9-18.) But the facial validity of a claim is assessed under a different standard than that applied on a motion to dismiss, and "merely a glimmer of hope that [a] plaintiff can establish [a] claim is sufficient." *See Found. Bldg. Materials, LLC v. Action Gypsum Supply*, No. 21-cv-01804-CJC, 2022 WL 705337, at *4 (C.D. Cal. Mar. 8, 2022) (citation omitted). Raffaelli satisfies that standard. Almost every argument made by Brookfield concerns purported pleading deficiencies. Raffaelli could potentially cure those in an amended pleading, so there is a glimmer of hope that he could establish his claims. Brookfield does argue that the aiding and abetting breach of fiduciary duty claim fails under any set of allegations, but Raffaelli opposes that argument by raising a genuine dispute about the purpose of the Carry Vehicles that would be the source of the fiduciary duty, and the Court cannot, therefore, conclude that the claim is facially invalid. (*See* Dkt. Nos. 44 at 14-16, 46 at 12.) Brookfield also goes beyond pleading deficiencies in arguing that Raffaelli cannot predicate his UCL claim on violations of securities laws. That is irrelevant, however, because, even if true, Raffaelli bases the UCL claim on other statutory violations too, so the claim would survive to the extent based on those other violations. Accordingly, the fourth and fifth factors weigh in

favor of permitting joinder.

As for the sixth factor, if denial of joinder would require Raffaelli "to pursue two substantially similar lawsuits in two different forums," one case in this Court and another case in state court, then the prejudice factor weighs in favor of joinder.  *See Malijen v. Ford Motor Co.*, No. 20-cv-01217-JGB, 2020 WL 5934298, at *5 (C.D. Cal. Aug. 20, 2020).  That's exactly the case here.  As explained above, the claims against Sammut and the Pinegrove entities are closely connected to those asserted against Brookfield.  *See, e.g.*, *Franco v. Costco Wholesale Corp.*, No. 18-cv-07586-MWF, 2018 WL 6333674, at *4 (C.D. Cal. Oct. 30, 2018).  Further, no discovery has occurred, and a trial date is not set, which means this factor "weighs especially heavily."  *See McKines*, 2025 WL 1911539, at *2.  Brookfield argues that joinder would prejudice it because it is "entitled to the benefits afforded by diversity jurisdiction in federal court" (*see* Dkt. No. 44 at 21), but "[t]he mere preference for one forum over another does not weigh in [a] section 1447(e) analysis." *Roblin*, 2024 WL 1131038, at *2 (citation omitted).  Accordingly, the sixth factor weighs in favor of permitting joinder.

Because almost all the factors weigh in favor of joinder, the Court exercises its discretion to permit joinder of BBU, Sammut, and the Pinegrove entities.  And because Raffaelli and these defendants are citizens of California for purposes of diversity jurisdiction, joinder destroys diversity, and the Court must remand the action.

*Conclusion.*  For the foregoing reasons, the motion to amend is **GRANTED**, BBU, Sammut, and the Pinegrove entities are joined, and the case is **REMANDED** to the Superior Court for the County of San Mateo.

**IT IS SO ORDERED.**

Dated: October 31, 2025

RITA F. LIN
United States District Judge

5